IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

EDNA GORHAM-BEY, # 39381-037,  *

    Plaintiff  *

v.  *  Civil Action Case No. RWT-09-1166

FEDERAL BUREAU OF PRISONS, *et al.*,  *

    Defendants.  *

## MEMORANDUM OPINION

Pending before the Court is Edna Gorham-Bey's *pro se* Complaint, as supplemented, for damages and injunctive relief, alleging that she received inadequate medical care while incarcerated in "various contracted holding facilities" of the Federal Bureau of Prisons ("BOP") and the United States Marshal Service ("USMS"). Counsel for the BOP, USMS, the Corrections Corporation of America ("CCA"), the Montgomery County Detention Center ("MCDC"), and Howard County Detention Center ("HCDC") separately move for dismissal or for summary judgment. Upon review of the papers filed, the Court finds a hearing in this matter unnecessary. See L. R. 105.6. The Court will grant the motions for dismissal filed by MCDC and HCDS. Summary judgment will be granted in favor of USMS, BOP, and CCA.

Mindful that Gorham-Bey is a *pro se* litigant, the Court will construe her pleadings liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007); Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978). Gorham-Bey raises Eighth Amendment claims of inadequate medical care, see Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 395-96 (1971) (holding that claims of personal liability for violations of constitutional rights may be maintained against individual federal officers and employees); Carlson v. Green, 446 U.S. 14,

21 (1980) (extending Bivens to Eighth Amendment claims), and loss of property under the Federal Tort Claims Act, 28 U.S.C. § 2674; see also Baum v. United States, 986 F.2d 716, 719 (4th Cir. 1993) (holding that sovereign immunity of the United States is waived so that the government may be liable in tort in the same manner as a private individual).

## I.   BACKGROUND

On November 27, 2007, the Court sentenced Gorham-Bey to 96 months incarceration after a jury found her guilty of conspiracy, bank fraud, uttering, and possession of an implement for making false identification documents.  See United States v. Gorham, Criminal Action No. RWT-06-260 (D. Md).  On February 17, 2009, Gorham-Bey was sentenced in the Western District of Pennsylvania to 15 months incarceration for conspiracy to defraud the government, to be served consecutive to the sentence imposed by the District of Maryland.  See United States v. Gorham-Bey, Criminal Action No. 07-442-01 (W.D. Pa.).  She is presently confined at Federal Medical Center - Carswell ("FMC Carswell"), in Fort Worth, Texas.  Her projected release date is September 20, 2015.

Gorham-Bey alleges USMS acted with deliberate indifference to her serious medical needs by transferring her to different correctional facilities, failing to examine her for medical travel clearance prior to transport, and improperly treating her medical conditions.  She was housed at FMC Carswell from February 5, 2008 to May 12, 2008, and from March 18, 2009 to the present.  Prior to placement at FMC Carswell, she was housed at facilities under contract with the USMS and was transported by USMS.

A physician had recommended Gorham-Bey for open heart surgery before she went to trial in Maryland.  Gorham-Bey claims that USMS, with "full knowledge" of her coronary artery

disease, anemia, and high blood pressure, transported her to the Montgomery County Detention Center on August 30, 2007. On September 7, 2007, she was sent to Shady Grove Hospital for tests which revealed artery blockages. Montgomery County officials then notified USMS and this Court. In anticipation of cardiac surgery, Gorham-Bey was released on September 25, 2007 to the care of her daughter. Subsequently, a physician determined Gorham-Bey unsuitable for surgery because of her other medical conditions and the surgery was not performed. Paper No. 4 ¶ 15. On September 26, 2007, Gorham-Bey self-surrendered to USMS custody and was transported to the Alexandria County Detention Center in Virginia.[1]

Gorham-Bey asserts that she was placed at the Alexandria facility "with knowledge that this facility was in no way adequate." Id. ¶ 16.[2] She alleges that she was denied medication for a full week until the medications she brought with her were substituted for generics offered at the jail. She further alleges that USMS declined to approve Gorham-Bey's transfer to a hospital for a blood transfusion. See id. ¶ 18

Gorham-Bey was housed as a USMS detainee at the CCA's Correctional Treatment Facility ("CTF") from October 17, 2007 to October 20, 2007; from October 22, 2007 to December 11, 2007; and December 13, 2007 to February 4, 2008. She alleges, inter alia, that the facility was overcrowded, her medical care was unnecessarily delayed, she was assigned to an upper bunk although given permission for a lower bunk, she slipped on a wet floor, the facility lacked proper heat, the facility was infested with vermin, and she was exposed to inmates with

---

[1] Service was not effectuated on the Alexandria County Detention Center in Virginia or the Allegheny County Jail in Pennsylvania. Had service been obtained, these facilities likely would be dismissed on grounds similar to those upon which the Howard and Montgomery County Detention Centers move for dismissal. See infra pp. 10-11.

[2] Gorham-Bey asserts that Chris Vogel, supervisor of the U.S. Marshal Service, "made decisions that should have had the sanctions of the Court as to whether plaintiff would be held in custody or sent out for further medical care relative to her court ordered release to pursue the open heart surgery which had to be aborted." Paper No. 26 ¶ 4.a. Vogel is not named as a defendant in this proceeding.

staphylococcus. See id. ¶ 20. She further alleges that "officials concurred that [she] was in critical need of a blood transfusion, however it took defendants the U.S. Marshal Service an additional 2 days to approve the hospital trip . . . ." Id. ¶ 19. On October 19, 2007, she received a blood transfusion at the Greater Southeast Community Hospital. See id. Gorham-Bey asserts that her medical needs were "severely neglected" resulting in her need for another blood transfusion on December 11, 2007. Id.

According to the CCA, it operates the CTF pursuant to a contract with the District of Columbia. "The CCA does not distinguish between DCDC inmates who are held pending trial or sentencing, or serving sentences, and U.S. Marshals Service detainees with respect to following facility policy for addressing grievances. Thus, while at the CTF, Plaintiff was subject to the same policies and procedures with respect to grievances as all other inmates in custody." Paper No. 29 at 7; see also Donald H. Paul Aff. ¶ 5. "Upon an inmate's arrival to the facility, CCA/CTF provides an Inmate Handbook, which contains a summary of the facility grievance policies and procedures. Additionally, inmates have access to the complete grievance policy at each housing unit, the CTF Law Library or through facility staff." Donald H. Paul Aff. ¶ 8.

On February 5, 2008, Gorham-Bey was transferred to FMC-Carswell. She claims that she was not properly examined for clearance prior to travel. See Paper No. 4 ¶ 21. She complains that shortly after arriving at FMC Carswell, she suffered extreme fatigue from blood loss, shortness of breath, and chest pain. See id. ¶ 22. On April 1, 2008, she was taken to a local hospital where tests were performed and it was determined that a blood transfusion was not possible. See id.

On February 12, 2008, Gorham-Bey was transported to the Allegheny County Jail in

4

Pittsburgh, Pennsylvania where she was provided another transfusion. Gorham-Bey was then transferred back to FMC Carswell "where she continues to be subjected to inhumane living conditions, overcrowding, and inadequate medical care." Id. ¶ 23.

Gorham-Bey has refused BOP attempts to provide medical care for her heart condition. Paper No. 18 at 9. She avers that she has concerns about undergoing heart surgery while incarcerated due to the possibility of staph infection at the facility. Gorham-Bey acknowledges that she had not raised the concerns presented here through the prison administrative remedies process. Compl. at 2-3; see also Paper No. 21, Exs. 1-3. She explains that "[w]hile administrative remedy procedures were not available to me during the period of time I was housed at all of the various local and county jail[s], I did make complaints to the U.S. Marshal asking to be moved as well as write a letter to the Warden of Carswell letting her know my health was endangered." Compl. at 3. Gorham-Bey has filed a copy of a document that she claims was filed with the USMS complaining about her treatment. Although she has submitted a copy of a claim for damages she states was submitted to the USMS on August 20, 2009, the copy is neither date stamped by the prison mail room nor includes the attachments it references. See Paper No. 26, Ex. D. Verified exhibits indicate that there is no record that Gorham-Bey filed a FTCA claim as of October 14, 2009. See generally Gerald M. Auerbach Aff.

Gorham-Bey also moves for recusal of the undersigned from this proceeding. Paper No. 24. She notes that he imposed her 96-month sentence in Criminal Action No. RWT-06-260 (D. Md) and that the judgment is on appeal before the Fourth Circuit. However, she fails to allege with specificity any "personal bias or prejudice" on the part of the undersigned either against her or in favor of Defendants, *see* 28 U.S.C. § 144; Sine v. Local No. 992 Int'l Brotherhood of

5

Teamsters, 882 F.2d 913, 914 (1989), and provides no factual basis to question the impartiality of the undersigned, see 28 U.S.C. § 455; In re Beard, 811 F.2d 818 (4th Cir. 1987). Moreover, Gorham-Bey did not provide an affidavit as required under 28 U.S.C. § 144. See also United States v. Grinnell Corp., 384 U.S. 563, 583 (1966) (holding that the affidavit must allege personal bias or prejudice caused by an extrajudicial source other than what the judge has learned or experienced from his participation in the case). As such, her pleading fails to meet the procedural requirements of the statute. For these reasons, the motion is legally and factually insufficient to warrant recusal.

## II.     STANDARD OF REVIEW

### A.     Motion to Dismiss

The purpose of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is to test the sufficiency of the Complaint. See Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). Except in specified cases, a plaintiff's complaint need only satisfy the "simplified pleading standard" of Fed. R. Civ. P. 8(a), Swierkiewicz v. Sorema N.A., 534 U.S. 506, 513, (2002), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Nevertheless, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 n.3, (2007). That showing must consist of more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (internal citations omitted).

The Court must consider all well-pled allegations in a complaint as true, Albright v. Oliver, 510 U.S. 266, 268 (1994), and must construe all factual allegations in the light most

favorable to the plaintiff.  See Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 783 (4th Cir. 1999) (citing Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993)).  The Court need not, however, accept unsupported legal allegations, Revene v. Charles County Comm'rs, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, Iqbal, 129 S.Ct. at 1950, or conclusory factual allegations devoid of any reference to actual events, United Black Firefighters v. Hirst, 604 F.2d 844, 847 (4th Cir. 1979).

### B. Motion for Summary Judgment

In evaluating a summary judgment motion, the Court must assess whether there are any issues of material fact and whether the moving party is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Francis v. Booz, Allen & Hamilton, Inc., 452 F.3d 299, 302 (4th Cir. 2006); Fed. R. Civ. P. 56. "A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'"  Bouchat v. Baltimore Ravens Football Club, Inc., 346 F.3d 514, 522 (4th Cir. 2003) (quoting Fed. R. Civ. P. 56(e)).   When ruling on a motion for summary judgment, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

### III. EXHAUSTION OF ADMINISTRATIVE REMEDIES

An inmate must exhaust all available administrative remedies before filing suit in federal court: "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).

Exhaustion of administrative remedies is mandatory.  See Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 677 (4th Cir. 2005).  The exhaustion requirement "applies to all inmate suits about prison life." Porter v. Nussle, 534 U.S. 516, 532 (2002).  "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules."  Woodford v. Ngo, 548 U.S. 81, 90 (2006).  Failure to file on time, according to the agency's deadlines, is not "proper exhaustion."  Id.  An inmate's failure to exhaust is an affirmative defense and the burden is on the defendant to prove the failure to exhaust.  See Jones v. Bock, 549 U.S. 199, 216 (2007).  However, "an administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it."  Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008) (citations omitted).

The BOP Administrative Remedy Program requires inmates first to informally resolve complaints with a staff member.  28 C.F.R. § 542.13(a).  If informal resolution is unsuccessful, the inmate must file a formal written complaint to the Warden within twenty days from the date on which the basis for the complaint occurred.  28 C.F.R. § 542.14(a).  If the inmate is dissatisfied with the Warden's response, the inmate may appeal to the Regional Director within twenty days.  An inmate who is not satisfied with the Regional Director's response may submit an appeal to the General Counsel within thirty days.  28 C.F.R. § 542.15(a).

Claims under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671, et seq., for money or personal injury damages are administratively exhausted by presentment to the appropriate administrative agency for adjudication.  See 28 C.F.R. §§ 543.30, et seq.  Failure to file the claim "within two years after [it] accrues" bars the claim.  28 U.S.C. § 2401(b).  Exhaustion requires a claimant to raise the complaint first to the Regional Office where the incident occurred.

FMC Carswell is located within the South Central Region of the Bureau.  See 28 C.F.R. § 503.6; see also Alberto Munguia Decl. ¶ 5.

## IV.   ANALYSIS

### A.   United States Marshal Service and Federal Bureau of Prisons

#### 1.   Exhaustion of Administrative Remedies

USMS and the BOP raise exhaustion of administrative remedies as an affirmative defense.  Gorham-Bey's acknowledged failure to exhaust administrative remedies warrants dismissal of her claims against the BOP and USMS.  To the extent Gorham-Bey raises a FTCA claim, it too must be dismissed for failure to exhaust administrative remedies.

#### 2.   Bivens Claim

Even if Gorham-Bey had exhausted her administrative remedies, Defendants would be entitled to summary judgment in their favor in regard to the Bivens claim.  A Bivens claim requires showing: (1) a deprivation of a right secured by the Constitution and the laws of the United States; and (2) the deprivation was caused by an official acting under the color of federal law.  See Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 155-56 (1978). In this case, Gorham-Bey names as defendants federal agencies – not individuals.  To the extent Gorham-Bey names the agencies as defendants to hold them culpable for their employees' actions under a supervisory responsibility theory, respondeat superior liability does not attach in a Bivens suit.  See Monell v. Dep't of Social Servs., 436 U.S. 658, 694 (1978).  Furthermore, Gorham-Bey brings this action against Defendants "in their official capacities" and Bivens claims are not actionable against the United States, federal agencies, or public officials acting in their official capacities.  See FDIC v. Meyer, 510 U.S. 471, 475, 484-86 (1994).

In any event, Gorham-Bey's Eighth Amendment claim would be unavailing. To bring an Eighth Amendment medical claim there must be: (1) a serious medical condition, see Hudson v. McMillian, 503 U.S. 1, 9 (1992); Estelle v. Gamble, 429 U.S. 97, 105 (1976); Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995); Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998), and (2) deliberate indifference by defendants to those serious medical needs, see Wilson v. Seiter, 501 U.S. 294, 303 (1991) (holding that claims alleging inadequate medical care are subject to the "deliberate indifference" standard outlined in Estelle, 429 U.S. at 105-06). "[D]eliberate indifference entails something more than mere negligence [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." Farmer v. Brennan, 511 U.S. 825, 835 (1994). The facts alleged when viewed in the light most favorable to Gorham-Bey do not demonstrate deliberate indifference. There is no demonstrated claim of constitutional magnitude.

### B.   Corrections Corporation of America

CCA argues that dismissal is warranted because Gorham-Bey has failed to exhaust her administrative remedies. In addition, the CCA is not subject to Bivens suits. See Corr. Servs. Corp. v. Malesko, 534 U.S. 61 (2001) (declining to extend Bivens to private entities acting under the color of federal law). Accordingly, CCA is entitled to summary judgment as a matter of law.

### C.   Montgomery County Detention Center

MCDC moves for dismissal on the grounds, inter alia, that (1) it is not a legal entity and does not have the capacity to sue or be sued and (2) Gorham-Bey has failed to exhaust her administrative remedies. Paper No. 32 ¶¶ 1, 2. The Complaint also does not allege any improper conduct by MCDC. MCDC's Motion to Dismiss shall therefore be granted.

### D. Howard County Detention Center

HCDC moves for dismissal because HCDC is not a legal entity that can sue or be sued under §§ 101 and 103 of the Howard County Charter and § 6.203 of the Howard County Code. Paper No. 34 at 1 n.1. See also Hines v. French, 157 Md. App. 536, 573 (Md. Ct. Spec. App. 2004). HCDC also moves for dismissal due to Plaintiff's (1) failure to exhaust her administrative remedies and (2) failure to state a claim upon which relief can be granted. The Complaint contains no facts or allegations to demonstrate deliberate indifference to her medical needs. Gorham-Bey alleges only that she was determined in need of a blood transfusion, but unnamed others – not Howard County personnel – declined to approve her transfer to a hospital. Paper No. 4 ¶ 18. Accordingly, HCDC's Motion to Dismiss shall be granted.

### V. Conclusion

For the aforementioned reasons, the Court, by separate Order, dismisses the claims against the MCDC and HCDC. Furthermore, summary judgment is entered in favor of the USMS, BOP, and CCA.


Date: March 29, 2010                             /s/
                                         Roger W. Titus
                                         United States District Judge