IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

Edna Gorham-Bey

    Plaintiff

                               Civil No. RWT - 09- 1166

v.

U. S. Marshal Service , et al
Chris Vogel, Individual Capacity
Official Capacity

## MOTION FOR RECONSIDERATION AND LEAVE TO AMEND

COMES NOW, Plaintiff Pro Se, Edna Gorham-Bey with a motion seeking reconsideration and leave to amend complaint with the following:

1. In accordance with the Memorandum Opinion dated on March 29, 2010, and order bearing the same, received by Plaintiff on April 14, 2010, plaintiff seeks reconsideration in the way of leave to amend the above stated complaint.

2. Memorandum Order does not mention and has clearly omitted certain key factors that would influence the decision in this case to include:

    a. The fact that plaintiff did name responsible individuals who used their official capacity with the U.S. Marshal Service to deliberately place plaintiff in facilities that he knew or should have known was inadequate to house plaintiff, especially considering the frail condition of her health. The first of those places was Alexandria Detention Center where plaintiff was housed for 17 days immediately following her self surrender when the scheduled by-pass surgery had to be aborted due to other health challenges. Here, she slept on the floor, was never placed in the medical unit, did not get outside air or exercise, medicine was withheld, inter alia, overcrowding, unsantiary quarters, poor food, etc., This condition was not mentioned nor was this facility served.

Re:   Edna Gorham-Bey

    b. Even if this facility had been served, the fact still remains that Chris Vogel of the U.S. Marshal Service made the decision to place plaintiff in harms way because he was upset that she had returned from the hospital which caused major problems for the Department in terms of housing, and out of sheer frustration, he just put her in any place that would take her after calling several contractors who refused to house the plaintiff. At no time was there opportunity to file any grievances, nor did the facility, which was a local county jail, make such available. During the 17 days, plaintiff had no access to mail due to the fact that she was denied commissary to purchase stamps and the phone system mainly allowed for calls placed to bondsmen by people in the booking section where plaintiff was housed. An occasional 2 minute call was given when jailers had time, which was rare. These accommodations were completely unacceptable for a federally held prisoner and the conditions violated the minimum civilized measure of life's necessity.

    c. While Corrections Corporation of America (CCA) claims they should be granted summary judgment due to the fact that no administrative remedies were filed, plaintiff was too sick to consider filing them if she had known about them. During plaintiff's confinement at this facility, 2 blood transfusions were received which clearly demonstrates and solidifies her claim to be very sick and weak. Further, plaintiff's violative experience which placed her on a locked ward with all men prisoners at Southeast Community Hospital during the December 11, 2007 transfusion has not been mentioned anywhere. Here plaintiff suffered constant anxiety with the fact that all of these men used the same bathroom within 3 -5 feet of her unlocked room where the guard was

Edna Gorham-Bey

sometimes asleep. Also there was a prisoner (male) right next door. This condition violated the civil and human rights of plaintiff, who even if grievances had been available to her, to what avail would it have been for an event that had already passed?

   3. Plaintiff asks that this Honorable Court will reconsider it's decision in closing this case and allow her to amend it for proper captions, and further service if need be. Plaintiff, once again raises the issue that she was at all times a federal prisoner in the care of the U.S. Marshal Service and it was their responsibility to make certain that these contracted facilities provided for her safekeeping and sustinence, which was owed to her under 18 U.S.C.S. 4042, therefore, it is not necessary and was not necessary for each and every facility that housed plaintiff to be served and required to answer when it was at all times the U.S. Marshal's call as to where they chose to house this federal prisoner. If was their duty to make well thought out decisions with the knowledge that there had been concern over this plaintiff's health in the very beginning that prompted the Marshal Service to get her out of their contracted facility (Montgomery County Detention Center). So, within days, to turn around and recklessly place her in a facility such as Alexandria Detention Center without making further contact with the Court who had signed the Order releasing her from Detention to get the Open Heart Surgery does not make sense. It was wanton, careless and not well thought out by Chril Vogel whose duty it was to make that judgment call after plaintiff self-surrendered with the postponement of the surgery. Her condition had not changed.

*Congress did not intend for the Administrative Remedy to be beyond the scope of a Judge's decision to waive that preliminary measure, when necessary. Also, admistrative Remedies are not a pre-requisite for filing under Bivens, seeking Monetary Damages!

WHEREFORE, it is unconscionable as to why this court will grant summary judgment to Corrections Corporation of America, CCA, when they have clearly breached their duty of care under the contract between them and the U.S. Marshal Service. To allow any of these defendants to claim immunity and justify their wrong doings goes against the Equal Protection Clause and violates the Human Rights of this plaintiff. Hiding behind failure to exhaust Administrative Remedies when plaintiff was too frail and ill to attend to them in addition to the fact that they were unavailable to plaintiff sends a tainted message of injustice that violates the U.S. Constitution and the Universal Declaration of Human Rights.

For that cause, plaintiff prays that this Honorable Court will move for reconsideration and allow plaintiff to have her day in Court, where an impartial jury can make the decisions as to what justice is bestowed in this case of cruel and unusual punishment, failure to protect, deliberate indifference, medical neglect and breach of oath relative to duty of care owed to a federal prisoner.

Respectfully Submitted,

Edna Gorham-Bey
Plaintiff Pro Se
Reg. # 39381-037
P.O. Box 27137
Ft. Worth, TX 76127

Dated: April 21, 2010

\* Conley v. Gibson  355 U.S. 41 L.Ed.2D. 80, 78 S.Ct. 99 (1957)
"A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

AND HAINES V. KERNER, 404 U.S. 519 L.Ed.2D. 652, 92 S.Ct. 594 (1972):

"THE UNITED STATES SUPREME COURT HOLDS ALLEGATIONS OF A PRO SE COMPLAINT TO LESS STRINGENT STANDARDS THAN FORMAL PLEADINGS DRAFTED BY LAWYERS."

## CERTIFICATE OF SERVICE

I hereby certify that I have mailed the attached motion for reconsideration in Case No. 09-1166, postage pre-paid through the U.S. Post Office on this 22 day of April, 2010 to the following:

U.S. District Court
Clerks Office
101 W. Lombard St.
Baltimore, Md. 21201

Edna Gorham-Bey
Reg # 39381-037
Carswell Federal Medical Center
P.O. Box 27137
Ft. Worth, TX  76127